UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

REGINALD MCCOY,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:16-247-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Reginald McCoy is a federal prisoner who was recently confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, McCoy has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny McCoy's petition.

In 1990, a federal grand jury indicted McCoy, charging him with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base and possession with the intent to distribute 50 grams or more of cocaine base.[1] Shortly thereafter, the Government filed a notice pursuant to 28 U.S.C. § 851 indicating that McCoy had multiple prior felony drug convictions and thus was subject to a mandatory minimum sentence of life in prison pursuant to 21 U.S.C. § 841. One year later, a jury convicted McCoy of the charges against him. The trial court then sentenced McCoy to life in prison.

---

[1] Since McCoy's convictions are quite old, this procedural history is drawn from multiple sources, including McCoy's petition and attached documents at R. 1, his underlying criminal case at *United States v. Reginald McCoy*, No. 8:90-cr-132-EAK (M.D. Fla. 1991), and the denial of another one of his § 2241 petitions at *Reginald McCoy v. Harvey Lapin*, No. 2:11-cv-2177 (W.D. La. 2012).

McCoy filed a direct appeal, but the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence. McCoy then filed multiple motions to vacate his sentence pursuant to 28 U.S.C. § 2255, but those motions were denied. He also filed several § 2241 petitions, but those too were denied.

McCoy has now filed yet another § 2241 petition. [R. 1]. While McCoy's numerous arguments are often difficult to understand, he is clearly challenging the validity of his convictions and sentence. [R. 1, 9, 11, 12]. McCoy cites numerous cases that he claims support his petition.

McCoy's § 2241 petition, however, constitutes an impermissible collateral attack on his convictions and sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, McCoy cannot use a § 2241 petition as a way of challenging his convictions and sentence.

McCoy nevertheless suggests that he can attack his convictions and sentence in his § 2241 petition by mentioning § 2255(e)'s savings clause. But that suggestion is off base. To be sure, the Sixth Circuit has said that "the so-called 'savings clause' . . . provides that if section 2255 is inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted). However, the Sixth Circuit has further explained that "[i]nvocation of the savings clause is restricted to cases where prisoners can

show 'an intervening change in the law that establishes their actual innocence.'" *Id.* (quoting *Peterman*, 249 F.3d at 462). Then, in subsequent cases, the Sixth Circuit has explained precisely how a prisoner can rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or even challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

In this case, McCoy has not demonstrated that an intervening change in the law establishes his actual innocence or that his sentence was somehow improperly enhanced. Instead, McCoy repeats arguments that this Court has already rejected, *see McCoy v. Sepanek*, No. 7:16-cv-015-ART (E.D. Ky. 2016), and he offers other arguments that are either hard to follow or are otherwise without merit.

For example, McCoy cites the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), which held that "at least where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." However, it does not appear from McCoy's petition or the record in his underlying criminal case that he was ever actually held liable under the penalty enhancement provision of § 841(b)(1)(C). Rather, the documents attached to McCoy's petition indicate that the trial court determined that he had multiple prior convictions for felony drug offenses and thus was subject to a mandatory minimum sentence of life in prison pursuant to a § 841(b)(1)(A). *See* R. 1-3 at 5-9; *see also McCoy v. Lapin*, No. 2:11-cv-2177 (W.D. La. November 13, 2012) (recognizing that McCoy was sentenced to life in prison "based on the underlying charges and sentencing enhancements for prior drug convictions pursuant to 21 U.S.C. § 841."). Thus, McCoy's *Burrage* claim is without merit.

McCoy's reliance on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), is also unavailing. After all, those cases discuss the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act and, here, the trial court enhanced McCoy's sentence pursuant to § 841(b)(1)(A), a different statute with broader language. *See Jose Adrian Hernandez v. J. Ray Ormond*, No. 6:17-cv-081-DLB (E.D. Ky. September 18, 2017) (explaining that the analysis described in *Mathis* is not applicable to enhancements pursuant to § 841(b)(1)(A)'s broad language). In short, McCoy has not explained in any clear way how *Descamps* and *Mathis* represent intervening changes in the law that establish that his sentence was improperly enhanced.

Finally, while McCoy makes several other arguments, none of his claims appear to meet the requirements set forth in either *Wooten* or *Hill*. Thus, McCoy's § 2241 petition is an impermissible collateral attack on his convictions and sentence.

Accordingly, it is hereby **ORDERED** as follows:

1. McCoy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated October 31, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY